```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __11/24/25__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
JORDAN ANTHONY TAMAY TORRES,

                    Petitioner,

          -against-                                  1:25-cv-09573-ALC

FRANCIS ET AL.,                                **ORDER TO ANSWER, 28 U.S.C. § 2241**

                    Respondents.

--------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

        Petitioner, who is currently detained at the Delaney Hall Detention Center in Newark, New Jersey, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The petition as filed on behalf of Petitioner by Josselyn Andrea Duque Infante, Petitioner's partner and mother of their daughter.[1]

        The Court, having examined the petition in this action, hereby ORDERS that:

**The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued.**

        The U.S. Attorney's Office shall file an answer or other pleadings in response to the

---

[1] A petition for a writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. When the petition is brought by a person other than the one seeking relief, the "next friend" must demonstrate that he or she has standing to act on the person's behalf.

> First a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. [Citations omitted.] Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, [citations omitted] and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (citations omitted). "Although a significant relationship with the real party in interest is relevant to the appointment of a next friend, it is neither required nor dispositive." Doe v. Hochul, 139 F.4th 165, 178 (2d Cir. 2025) (emphasis in original)).

petition on or before **December 10, 2025.** Respondents should also address whether Petitioner was located in the Southern District of New York at the time that the Petition was filed.

    Petitioner may file reply papers, if any, within 7 days from the date Petitioner is served with Respondent's answer. Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a habeas petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

  The Court directs Respondents to notify the Court promptly of the location where Petitioner is detained and to continue promptly to update the Court of any change of location.

  **To preserve the Court's jurisdiction pending a ruling on the petition, petitioner shall not be removed from the United States unless and until the Court orders otherwise.** *See, e.g.*, *Kuprashvili v. Flanagan*, No. 25-CV-5268 (PAE) (S.D.N.Y. June 30, 2025) (collecting cases staying removal to maintain the status quo).

  A *pro se* party, including a next friend, may consent to accept service of documents in this case by email, instead of regular mail, by completing the attached form, Consent to Electronic Service.

**SO ORDERED.**

**Dated:  November 24, 2025**

      **New York, New York**                      **ANDREW L. CARTER, JR.**
                                                       **United States District Judge**